Sharon **PEDDLE**, Plaintiff,

v.

Kathleen Hawk **SAWYER**,
et al. **Defendants.**

No. **3:98CV2364 (WWE).**

United States District Court,
D. Connecticut.

June 23, 1999.

*Id.*

David N. Rosen, Rosen & Dolan, P.C., New Haven, CT, Michael D. Pinard, Brett Dignam, Jerome N. Frank Legal Services, New Haven, CT, for plaintiff.

William A. Collier, U.S. Attorney's Office, Hartford, CT, for defendants.

## RULING ON PLAINTIFF'S MOTION FOR A STAY AND TO TOLL THE STATUTE OF LIMITATIONS

EGINTON, Senior District Judge.

Plaintiff claims constitutional and statutory violations by present and former officials of the Bureau of Prisons, seeking both damages and injunctive relief. Specifically, plaintiff's action relates to her alleged rape and sexual abuse by a prison employee that occurred over a period of fourteen months from March, 1995 through May, 1996. The complained of conduct is subject to the three year statute of limitations of Conn. Gen.Stat. § 52–577.

Pending before the Court is a motion for a stay and to toll the statute of limitations.

## BACKGROUND

Plaintiff filed her complaint on December 4, 1998. Plaintiff then attempted to secure a stipulation from the defendants that the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") is not applicable to an action concerning a prisoner's sexual abuse and rape by a prison employee. On April 22, 1999, plaintiff learned that the defendants would not agree to such a stipulation. On April 29, 1999, she filed her motion for a stay and to toll the statute of limitations to enable her to exhaust her administrative remedies pursuant to the PLRA. Plaintiff also initiated the exhaustion process.

Subsequently, defendants filed a motion to dismiss on May 17, 1999, arguing that the plaintiff's action should be dismissed because of plaintiff's failure to exhaust her administrative remedies and also because plaintiff allegedly failed to state a cognizable claim under the Fifth Amendment and the Violence Against Women Act.

## DISCUSSION

When faced with an elapsing statute of limitations, a plaintiff may file a concurrent claim and ask the court to stay proceedings until completion of administrative remedies. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Woods v. Dunlop Tire Corp.,* 972 F.2d 36, 41 (2d Cir.1992). Therefore, the Court will stay the action *nunc pro tunc* from April 29, 1999, which is the date that plaintiff filed her motion for a stay, pending resolution of the defendant's motion to dismiss.

Plaintiff requests that the Court toll the statute of limitations and dismiss the action without prejudice in the event that the Court finds that exhaustion is required in this instance. The doctrine of equitable tolling is applicable where a plaintiff has passed with reasonable dili-

gence through the period that she seeks to have tolled. *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 655 (2d Cir.1998).

■ In this instance, plaintiff has exercised reasonable diligence. Plaintiff filed her action within the statute of limitations. She attempted to secure a stipulation that exhaustion did not apply to this action prior to expiration of the statute of limitations. Furthermore, the applicability of the exhaustion requirement to this action is yet unclear. Therefore, plaintiff did not fail to fulfill an obvious filing requirement. The Court will toll the statute of limitations in the event that it determines that exhaustion is applicable.

### CONCLUSION

For the foregoing reasons, the plaintiff's motion for a stay and to toll the statute of limitations [doc. # 13] is GRANTED. The Court stays the action *nunc pro tunc* from April 29, 1999, pending resolution of the motion to dismiss. In the event that the PLRA exhaustion requirement is found applicable to this action, the Court will toll the statute of limitations pending exhaustion.

SO ORDERED.